FILED

JAN 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael Trupei, pro se
R12743-004
FCC-Coleman Medium Security Prisons
P.O. Box 1032
Coleman, Florida 33521-1032 )
)
            Plaintiff, )
)
vs. )
)
UNITED STATES; UNITED STATES DEPARTMENT of )
JUSTICE; DRUG ENFORCEMENT ADMINISTRATION; )
UNITED STATES PAROLE COMMISSION; CITY of )
FORT LAUDERDALE POLICE DEPARTMENT; Dexter W. )
Lehtinen; Robert J. Lehner; James M. Lord; )
Mark J. Bumar; Alfred J. Scotti; and Cherry L. )
McBrayer, all in their official and individual )
capacities, et al., )
)
            Defendants. )

Civil Action No. _____

_____

Civil Action Complaint under
42 U.S.C. §§ 1981, et seq., 18
U.S.C. §§ 371, 1001, 1501, 1621;
28 U.S.C. 1346(b); 28 U.S.C.
§ 2671, et seq., and/or under
Constitutional Claims premised upon
Bivens v. Six Unknown Agents,

CASE NUMBER 1:07CV00073

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 01/12/2007

JURY ACTION

PLAINTIFF'S ORIGINAL COMPLAINT IN TORT and/or
BIVENS  and DEMAND for a JURY TRIAL, **VERIFIED**

    COMES NOW the Plaintiff, sub nomine, the Michael Trupei ("Plaintiff") appearing

specially and not generally and hereby complaining under FEDERAL TORT CLAIMS ACT (FTCA)

and/or BIVENS v. SIX UNKNOWN AGENTS of FEDERAL BUREAU of NARCOTIC, against the above

Defendants, namely corporate entities, former de facto and/or unlawfully acting United

States Attorney; unlawfully acting Special Attorneys United States Department of

Justice (DOJ); unlawfully acting Special Agent of the DRUG ENFORCEMENT ADMINISTRATION

(DEA); Unlawfully acting the City's Detective(s); United States Probation Officer(s);

and all other unknown persons not brought out herein in their official and/or indivi-

dual capacities. The prerequisite Administrative Tort Claim for injury/omission was

filed on December 16th, 2005. (See exhibit-A, attached hereto). The subject matter

of the controversy is still ongoing. Nevertheless, Plaintiff states to wit:

    1.) Plaintiff, an inexperienced layperson hereby seeks liberal interpretation of

this/his complaint and invokes Haines v. Kerner, 404 U.S. 519, 30 L.Ed 2d 652, 92 S.Ct

954 (1972)(pro se litigants are to be held to less stringent standard than lawyers.)

**Jurisdiction**

2.) Besides under FTCA, jurisdiction is also invoked pursuant to <u>Bivens v. Six</u> <u>Unknown Agents of Federal Bureau of Narcotic</u>, 403 U.S.388, 91 S.Ct., 29 L.Ed 2d 619 (1971) and under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1981, <u>et seq.</u> This Honorable Court (Court) has jurisdiction over the lawsuits brought forth thereunder. Whereby Defendants acted in conjunction with one another by way of knowingly, willfully and without probable cause or alternatively with malice aforethought, commenced an unlawful indictment No.: 89-6062-Cr-Zloch/Gonzalez and caused thereafter arrest, trial, conviction, sentencing and imprisonment of the Plaintiff, all without the required appointments and authorization from their superior officer(s) at the DOJ's Criminal Division, Washington, D.C. Furthermore, Defendants denied Plaintiff's requested exculpatory evidence in total, namely: (1) DEA's 6 Field Report as prepared by Defendant Mark J. Bumar; (2) Prosecutorial Memorandum (memorandum) as prepared by Defendants Robert J. Lehner and James M. Lord; (3) Chronological Pages (Chronos-1 and Chronos-2) as prepared by U.S. Probation Officer Cherry L. McBrayer; and (4) Grand Jury Minutes, <u>inter alia</u>. Although so requested by the Defendants, in this case the DOJ's Criminal Division failed to issue Defendants' requested prior approval to proceed before the grand jury. Despite of that denial, Defendants, neverthelss, proceeded to the grand jury without the requisite <u>authorization</u> or <u>approval</u> therefrom, and thereafter had knowingly and willfully manipulated and lied at the grand jury, thereby obtaining a fraudulent indictment, all in violation of Title 18 U.S.C. §§ 371, 1501, 1621; 28 U.S.C. § 2671, <u>et seq.</u>; 42 U.S.C. § 1346(b), and 31 U.S.C. § 3701, <u>et seq</u>. Plaintiff also invokes pendent jurisdiction of this Honorable Court.

**Venue**

3.) Venue is proper in this Court under Title 28 U.S.C. § 1391(b), wherein juris is not found only on diversity of citizenship in § 1391(e) because the principal Defendants reside or otherwise are incorporated in this Jurisdiction and also substantial part of the events or omissions giving rise to this Claim occurred in this district.

**Background**

**4.)** On April 4th, 1989, the Plaintiff and his three (3) co-defendants were indicted on 10 count indictment, whereby Plaintiff was not named in counts two (2) through ten (10), of the Defendants' manufactured dry-conspiracy with no overt act committed, 21 U.S.C. § 846, as amended. Namely to import a quantity of Phenylacetone, also known as $P_2P$ into the United States. Following a ten (10) day trial in April of 1990, and after two-day of the jury's deliberation and 7 questions to the Court, Plaintiff was found guilty as charged. Seven years thereafter, and pursuant to many "FOIA" requests and suits, Plaintiff discovered that the testimony given at the grand jury was false. Worse yet, and unknown to the Plaintiff at the pre-trial and trial phase of the proceedings, Defendants requested the authorization to the Criminal Division DOJ in Washington, D.C., as it was prerequisite in Plaintiff's case prior to proceed to the grand jury. No such a required authorization was issued to Defendants by the DOJ. Further, the unconstitutional judicial appointment (see exhibit-B, attached) of then de facto United States Attorney for the Southern District of Florida, Dexter W. Lehtinen (Defendant Lehtinen), violated the statutory requirements thereunder. Still, Defendant Lehtinen's assistants, namely SAUSAs Robert J. Lehner and James M. Lord (Defendants Lehner and Lord) failed to be appointed under 28 U.S.C. § 515(a) and § 543(a) by their superiors at the DOJ. As such, the trial court did not have the jurisdiction, either in personam or subject matter under the principles of United States v. Providence Journal Co., 485 U.S. 693, 108 S.Ct 1502, 99 L.Ed 2d 785 (1988)(established the general principle that the court lacks jurisdiction over an action commenced on behalf of the government by a person not **authorized** to do so).

**Parties in this action**

**5.)** The Plaintiff in this case is incarcerated, whereby Defendants are/were in all the material times hereto a part of the Federal corporation. ens legis,[1] and under 28 U.S.C. § 3002(15)(A)(B) and (C) and existing pursuant to the laws thereunder, having a place of business in Federal Judicial District in Washingto, D.C. and elsewhere.

---

[1] The Legislative Act of February 21st, 1871, Congressional Records, Forty-First Congress, Session III, Chapter 62, p. 419, a chartered Federal company entitled "UNITED STATES," i.e., "UNITED STATES [1871]," a/k/a "U.S. Inc."

6.) That the United States Department of Justice is an entity of the United States and which was/is responsible for the investigation and prosecution of Plaintiff under the Case No.: 89-6062-CR-Gonzalez in the Southern District of Florida, Fort Lauderdale Division by and through its de facto prosecutors, agents, detectives, and probation officers who had falsely implicated the Plaintiff of an alleged dry-conspiracy violation under 21 U.S.C. § 846, and had further proceeded, however, without the requisite **authorization** from the Criminal Division,[2] USDOJ to the grand jury which resulted in Plaintiff's indictment and thereafter his arrest, trial, conviction, and imprisonment. All this was done under under the guise of the Federal law so as to intentionally injure and harm the Plaintiff.

7.) That the Drug Enforcement Administration (DEA) is a component of the USDOJ, and the principal protagonist in the 89-6062-Cr-Gonzalez matter, where it had by way of its agents/provocateurs, also named herein, knowingly and willfully with malice aforethought and tacit procuration used for its justification the 21 U.S.C. § 846, a dry-conspiracy with no overt act committed against the Plaintiff. In so doing, the DEA violated its own rule and/or policy, as well as the Constitutional and Statutory laws of due process, denying those laws and due process to Plaintiff, thereby causing injury and harm and it is therefore liable.

8.) That in all material times hereto, Defendant United States Parole Commission (USPC) is a component, ipso facto, within the USDOJ which likewise had acted unlawfully and/or illegally with malice aforethought pursuant to Case No.: 89-6062-Cr-Gonzalez in Southern District of Florida and elsewhere. Whereby it had falsely accused and/or implicated the Plaintiff by way of its employees, alleging a dry-conspiracy without

---

2

Whenever a substantial question arises [such as here] as to whether this policy applies to a prosecution, the matter should be submitted to the appropriate Assistant Attorney General for resolution. Prior approval from the appropriate Assistant Attorney General **must be obtained before bringing a prosecution** governed by this policy. The United States will move to dismiss any prosecution governed by this policy **in which prior approval** was not obtained.... See Authority of the U.S. in Criminal Division Matter/**Prior Approvals**, p.8, § E.

an overt act committed and premised upon 21 U.S.C. § 846, as amended, by using fraud and deceit and thereafter had proceeded, knowingly and willfully and without the required "**authorization**" before the Fort Lauderdale Grand Jury, thereby causing Plaintiff's arrest, trial, conviction, and his imprisonment. This modus operandi was done in conjunction with one another under the color of Federal, State, and International laws to intentionally injure and harm the Plaintiff. In so doing, the "USPC" is thus liable for the actions of its agents or otherwise the Probation Officers.

9.) During the relevant period of time hereto, "USPC" was and still is an instrumentality within the USDOJ, and one of the principal protagonists who by and through its parole and/or probation officers hereinafter named, had knowingly and willfully with malice aforethought witheld the crucial exculpatory evidence, namely the "Chronological Pages" authored by Cherry L. McBrayer (Defendant McBrayer) and such other and similar actors with respect to the Plaintiff and/or his late co-defendant Charles J. Hogan (Mr. Hogan). In doing so, the USPC was obstructing and denying the requested production of crucial documents to the Plaintiff, all in violation of Plaintiff's substantial and administrative due process and more, causing him substantial prejudice, injury, and harm at his trial that resulted in conviction and Plaintiff's imprisonment. As such, the USPC is therefore liable.

10.) That during the relevant time hereto, the City of Fort Lauderdale Police Department (the City) was/is responsible by and through its detective(s), particularly Alfred J. Scotti (Defendant Scotti) who was the initial Detective in the manufacturing the case No.: 89-6062-Cr-Gonzalez, and who in conjunction with Detective Thomas Tiderington and CI's has knowingly furthered his/their, malo animo, investigation and implicated the Plaintiff of a non-existent dry-conspiracy with no overt act committed under 21 U.S.C. § 846, as amended. In so doing, Plaintiff was subjected to the City's tainted investigation which causes him tainted arrest, trial, conviction, sentencing, and thereafter imprisonment, all in violation of the Federal, State, and International law, causing Plaintiff substantial prejudice and harm to fair proceedings. As such, the City is therefore liable.

-5-

11.) That during the relevant times hereto, the then de facto acting United States Attorney for the Southern District of Florida, namely Defendant Lehtinen violated the Appointment Clause of the United States Constitution, Art.II, § 2, cl, 2, by knowingly and willfully acted as an unlawful United States Attorney for the Southern District of Florida. The Defendant Lehtinen also violated in conjunction with then Attorney General, Edward Meese, the statutory provision of 28 U.S.C. § 546(b) where that subsection strictly forbids "[t]he Attorney General [to] appoint as United States Attorney a person to whose appointment by the President to that office the Senate refused to give advice and consent." 28 U.S.C. § 546(b). Because Defendant Lehtinen failed to meet the blessings of the United States Senate, he was then appoint- ed for 120 days by the Attorney General, Edward Meese under § 546(a) or otherwise for 120 days, where that appointment expired under § 546(c)(2) then: "...the district court for such district may appoint a United States attorney to serve until vacancy is filled. The order of appointment by the court shall be filled with **the clerk of the Court."** 28 U.S.C. § 546(d). In this case, Defendant Lehtinen was reappointed, after initial and unlawful appointment by the Attorney General, Edward Meese, by then acting United States District Judge for Southern District of Florida, the late Sidney M. Aronovitz, on October 12th, 1988 at Savannah, Georgia, and not in the Southern District of Florida as 28 U.S.C. § 546(d) requires. (See exhibit-B, attached hereto). Thus, Defendant Lehtinen had knowingly and willfully violated the Constitutional and Statutory provisions of the above section and its subsection, which mades him an unauthorized officer appearing for and acting on behalf of the United States, thereby causing Plaintiff substantial prejudice and irreparable harm to the entire proceedings pursuant to United States v. Hogan, et al., 89-6062-CR-Zloch/Gonzalez.

12.) That during the relevant times and continuing thereafter and for the purposes of executing the scheme and artifice to defraud Plaintiff of his liberty, Defendant Lehtinen, an ex-officio or otherwise an unlawful acting United States Attorney for the Southern District of Florida, failed to secure the Senate's "consent and advice"

pursuant to 541(a) as required under that Section during the time of his illegal

tenure (see 42 De.447; 36 A.2d 47; 1944 Del.LEXIS 27; p.3) as Defendant Lehtinen

defied that Congressional requirements, and did so willfully and knowingly together

with others known and unknown to the Plaintiff. Thus, Defendant Lehtinen systematically

perpetrated fraud and deceit upon Plaintiff, the Court, and upon Federal Government,

all in violation of the Constitutional and Statutory Law of the United States, causing

Plaintiff substantial prejudice and irreparable harm of fair proceedings in 89-6062-

CR-Gonzalez.

   **13.)** That during the relevant times and continuing thereafter and for the purposes

of executing the scheme and artifice upon Plaintiff, Defendant Lehner violated Plain-

tiff's Constitutional and Statutory rights by causing Plaintiff to be indicted,

arrested, tried, and thereafter imprisoned, all this was done without the required

"letter of appointment" under 28 U.S.C. § 515(a) and § 543(a). (See exhibit-C, attached

hereto). As such, Defendant Lehner appeared in Case  No.: 89-6062-CR-Zloch/Gonzalez

as a civilian and not an attorney for the Government, as so required under that

section, causing Plaintiff substantial prejudice and irreparable harm by and through

the indictment, arrest, conviction, and imprisonment. As such, Defendant Lehner is

liable.

   **14.)** That during the relevant times and continuing thereafter, Defendant Lehner

further violated Plaintiff's Constitutional and Statutory rights by and through,

ipso facto, when he proceeded before the Fort Lauderdale Grand Jury on April 4th, 1989,

without the required "authorization" or otherwise the explicit permission from the

"Criminal Division USDOJ," authorizing his appearance at the grand jury, so as to

obtain a Constitutional and/or statutory valid indictment. (See p.4, supra, note-2).

In doing so, Defendant Lehner caused Plaintiff's unlawful and/or illegal indictment,

arrest, trial, conviction and lastly the incarceration, all in violation of Plaintiff's

substantial rights of due process, causing him prejudice and irreparable harm to the

entire proceedings.

**15.**) That during the relevant period of time and continuing thereafter, Defendant Lord violated Plaintiff's Constitutional and Statutory rights and/or provisions thereunder by and through his illegal and/or unlawful appearances as a Special Attorney before the Fort Lauderdale Grand Jury on April 4th, 1989, whereby he acted together with Defendant Lehner in obtaining Plaintiff's fraudulent indictment, all without the required "letter of appointment" under 28 U.S.C. §§ 515(a) and 543(a). As such, Defendant Lord appeared in case No.: 89-6062-CR-Zloch/Gonzalez as a civilian and not an attorney for the Government as so required under foregoing sections, (see exhibit-C, attached hereto) causing Plaintiff substantial prejudice, injury in fact and irreparable harm and is thus liable.

**16.**) That during the relevant time and continuing thereafter, Defendant Lord violated Plaintiff's Constitutional and Statutory rights and/or provisions of the law by and through his illegal and/or unlawful appearances before the Fort Lauderdale Grand Jury on April 4th, 1989, whereby he sought and had obtained Plaintiff's an unlawful indictment, all without the requisite authorization by the USDOJ's Criminal Division to proceed before the Fort Lauderdale Grand Jury. (See exhibit-D, attached hereto). For failing to secure the required authorization, Defendant Lord caused Plaintiff's unlawful and/or illegal indictment, arrest, tainted trial thereby obtaining tainted conviction, all in violation of Plaintiff's substantial rights to due process, causing his substantial prejudice and irreparable harm to a fair proceedings.

**17.**) That during the relevant time and in furtherance to create the scheme and artifice to defraud Plaintiff of liberty, property, inter alia, Defendant Lord conspired with other Government's actors to withold Plaintiff's requested exculpatory documents/records under Fed.R.Cri.P., Rule 16(c), namely the "prosecutive memorandum"[3] (memorandum) of March 14, 1989 and other such exculpatory documents. In doing so, Defendant Lord violated the Plaintiff's Constitutional, Statutory, and Universal rights under Viena Convention to a fair trial, causing Plaintiff's substantial violation of due process, prejudice and irreparable harm.

---

[3] Defendants Lord and Lehner have been aware of their continuing duty to disclose
(continuing on the next page...)

18.) That in all material times and continuing thereafter, Defendant Special
Agent DEA Mark J. Bumar (Defendant Bumar) had appeared as de facto Special Agent
or otherwise an unlawful employee of said agency, and had acted as the principal
agent/provocateur in this/his manufactured dry-conspiracy with no overt act committed
by Plaintiff, where Defendant Bumar had knowingly and willfully with malice afore-
thought perpetrated, procured and testified falsely before the grand and petit juries
against the Plaintiff, and who witheld the Plaintiff's requested DEA-6 Field Report
prior and after his trial, thereby causing Plaintiff's unlawful conviction, sentencing
which resulted in an unlawful incarceration, all in violation of due process, sentenc-
ing, causing Plaintiff substantial prejudice and irreparable harm.

19.) As a proximate result of the aforementioned cause, Defendant Bumar further
violated Plaintiff's Constitutional, Statutory, and Universal rights of due process,
by willfully and knowingly failed to execute the appointment under 5 U.S.C. § 2105
or otherwise failed to execute the required Standard Form-50, however, he executed
an oath of office under 5 U.S.C. § 3331, all in violation of the federal law, causing
Plaintiff cumulative and substantial prejudice, as well as irreparable harm. As such,
Defendant Bumar is liable.

20.) That during the relevant time and continuing thereafter, Defendant Alfred
Joseph Scotti (Defendant Scotti) who in conjunction with the DEA was a principal
Detective in 89-6062-CR-Gonzalez, whereby he had willfully and knowingly with malice
aforethought presented and testified falsely at the grand and petit juries, resulting
in Plaintiff's tainted arrest, trial, conviction, sentencing, and thereafter a lenghty
imprisonment, and did so all without being appointed, detailed, and/or assigned under
5 U.S.C. §§ 3372(a) and 3374(c). In so doing, Defendant Scotti violated Plaintiff's
Fifth, Sixth, and Fourteenth Amendment rights to the United States Constitution, and
under Universal Rights as a detective, causing Plaintiff substantial prejudice

---

(... continuing from the previous page)

such informaation as required under Rule 16(c) of the Fed.R.Crim.P., Brady, Giglio,
Napue, and obligation to assure a fair trial. Defendants Lord and Lehner disregarded
Plaintiff's requested and much needed said documents.

to the entire administrative and thereafter judicial proceedings pursuant to

United States v. Hogan, et al., 983 F.2d 1335 (11th Cir.1993) and is thus liable for

the Constitutional, Statutory, and Universal violations in Tort, or under doctrine

set out in Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n 55,

56 L.Ed 2d 611, 98 S.Ct 2018 (1978); See also Carter v. District of Columbia, 795 F.2d

116 at 121.

**21.**) That during the relevant time of the investigation, the United States Probation

Officer, Cherry L. McBrayer (Defendant McBrayer) was a United States Probation Officer

for the Southern District of Florida, Fort Lauderdale Division, and who had knowingly

and willfully with malice aforethought witheld a part of the crux of the exculpatory

evidence that Plaintiff sought and had requested it via Fed.R.Crim.P., Rule 16(c),

namely "chronological-pages" (chronos-1) as generated by Defendant McBrayer and per-

taining to Plaintiff, and the second set of "chronological-pages" (chronos-2) also

prepared by same and subject to Charles J. Hogan, (Mr. Hogan) Plaintiff's co-defendant.

In failing to produce said exculpatory evidence prior to the trial, deprived Plaintiff

and Mr. Hogan of their Constitutional, Statutory, and Universal rights of due process,

which resulted in tainted conviction. As such, Defendant McBayer violated the Plain-

tiff's substantial rights of non-production of the requested exculpatory "chronos-1"

and "chronos-2," causing him cumulative prejudice and irreparable harm to a fair trial,

and is  thus liable.

## CAUSES of ACTION

### FIRST CAUSE of ACTION

#### False Arrest

[22] That Plaintiff reaves all of the allegations contained in paragraphs (1) through (21) above, as if fully set out herein.

[23] That the Defendants by and through their agent(s), contract employee, priva-teers, did, on or before, and after June 6, 1989, inject false information upon their superiors in order to incriminate the Plaintiff falsely, thereby creating and maxi-mizing a false impression of an atmosphere of criminal misdeed. In so doing, Defendants arrested Plaintiff on false premises, causing him injury and irreparable harm, and that injury and harm is continuously injuring and harming Plaintiff by and through the false arrest.

### SECOND CAUSE of ACTION

#### False Imprisonment

[24] That Plaintiff realleges all of the allegations contained in paragraphs (1) through (21) above, as if fully set out herein.

[25] That the Defendant(s) by and through their agent(s), contract employee(s), and/or staff, did, on or before, and after June 6, 1989 participating in a wrongful, intentional and unlawful or illegal conspiracy to commit, and did committed, the unlawful and/or illegal acts against Plaintiff by and through manufacturing a sham dry-conspiracy with no overt act committed under 21 U.S.C. § 846. This conspiracy could have and would have been overcome by producing exculpatory records/documents, as so requested, prior to or during the trial, showing that the Defendants perpetrated the entire dry-conspiracy. In so doing, Defendants did falsely and knowingly imprisoned Plaintiff, and are still doing so, thereby causing him injury and irreparable harm, and that injury and harm is continuously injuring and harming Plaintiff by way of Defendants' false imprisonment of Plaintiff.

-11-

THIRD CAUSE of ACTION

### Violation of <u>due process</u>

[26] That Plaintiff realleges all of the allegations contained in paragraphs (1) through (21) above, as if fully set out herein.

[27] That from June 6th, 1989 to the present, Defendants failed to produce all of the requested exculpatory evidence under <u>Fed.R.Crim.P.</u>, Rule 16(c) to the Plaintiff, namely (1) Prosecutive Memorandum as prepared by Defendants Lehner and Lord; (2) DEA-6-Field Report, as prepared by Defendant Bumar; (3) Chronological Pages subject to Plaintiff, as prepared by Defendant McBrayer; (4) Chronological Pages pertaining to Mr. Hogan (Plaintiff's co-defendant), as prepared by Defendant McBrayer; and (5) The Grand Jury Minutes subject to <u>United States v. Hogan</u>, <u>et al</u>., No.: 89-6062-CR-Gonzalez that caused Plaintiff's indictment, wherein a known perjury was committed, all in violation of Plaintiff's Fifth, Sixth, Fourteenth Amendment to the United States Constitution, as well as the universal rights to produce such exculpatory and requested documents when facing criminal trial. In not honoring the <u>Fed.R.Crim.P.</u>, Rule 16(c) (Discovery), Plaintiff is/was substantially prejudiced to a fair trial, <u>inter</u> <u>alia</u>, all in violation of <u>due process</u>.

FOURTH CAUSE of ACTION

### Fraud and Misrepresentation

[28] That Plaintiff realleges all of the allegations contained in paragraphs (1) through (21) above, as if fully set out herein.

[29] That the Defendants made the following misrepresentations and fraud upon the Plaintiff, for the purposes to achieve the conviction, to wit:

a) That the Defendants' response to Plaintiff's requested production of the exculpatory evidence by and through records/documents was denied, as that production of documents would undoubtedly reveal fraud, deceit, and misrepresentation of the allegations at the grand jury;

b) that the Defendants' presentation of the evidence at the grand jury was made in bad faith, as it was/is in fact false (Plaintiff has the evidence of said falsity), and Defendants knew of should have known of the falsity made in their statements thereto, as they were the principals who manufactured a dry-conspiracy with no overt act committed in 89-6062-CR-Gonzalez; and

c) that the Defendants' conduct at the grand jury was wilfull, deliberate, conscious, purposeful, deceitful and this conduct affected the grand jury's decision to hand down Plaintiff's indictment; and

d) that the fraudulent and misrepresented evidence made by the Defendants to the grand jury was to Plaintiff's detriment, thereby causing him substantial prejudice and irreparable harm; and

e) that the Defendants' conduct set forth above exemplifies a willfull and wanton disregard of the Plaintiff's Constitutional, Statutory (legislative), State of Florida, and above all the Universal rights and laws thereof; and

f) that the Plaintiff has been injured injured and harmed by way of Defendants' modus operandi, and that injury and harm is grounded in fraud and misrepresentations.

## FIFTH CAUSE of ACTION

### Breach of Contract

[30] That the Plaintiff realleges all of the allegations contained in paragraphs (1) through (21) above, as if fully set forth herein.

[31] That the Defendants by and through their agent(s), contract employee(s), and/or staff, did, in all material times to this actions, willfully and knowingly, with malice aforethought breached the contract with Plaintiff by way of their intentional non-production of the exculpatory records/evidence prior, during, and after the trial, thereby causing Plaintiff injury and harm to defend himself in the United States District Court for the Southern District of Florida against the Defendants' manufac- tured indictment, and that injury is continously injuring and harming Plaintiff, all because of Defendants' breach of contract through denial of the exculpatory evidence and thus, Plaintiff has been damaged, and the damages demand a commercial price to pay.

-13-

## SIXTH CAUSE of ACTION

### Culpable Neglect

[32] That Plaintiff realleges all of the allegations contained in paragraphs
(1) through (21) above, as if fully set out herein.

[33] That during the relevant period of time giving rise to this action, Defendants
aforementioned, deliberately neglected to turnover the requested exculpatory records/
documents to Plaintiff, namely: (1) DEA's Field Report as prepared by Defendan Bumar;
(2) Prosecutorial Memorandum (memorandum) as prepared by Defendants Lehner and Lord;
(3) Chronological Pages, i.e., "Chrono-1" and "Chrono-2" as prepared by Defendant
McBrayer; and (4), inter alia, grand jury minutes, all in violation of Fed.R.Crim.P.,
Rule 16(c) and more. As such, Defendants intentionally violated Plaintiff's substan-
tial right to the discovery, thereby causing him injury and irreparable harm grounded
in culpable neglect.

## SEVENTH CAUSE of ACTION

### Willfull, Wanton, or Reckless Conduct

[34] The Plaintiff realleges all of the allegations contained in paragraphs
(1) through (21) inclusive.

[35] That during the relavnt period of time giving rise to this action, Defendants
in this suit did willfully, wantonly, and recklessly failed to produce the requested
exculpatory records/documents under Fed.R.Crim.P., Rule 16(c), namely; (1) DEA's 6
Field Report as prepared by Defendant Bumar; (2) Prosecutorial Memorandum as prepared
by Defendants Lehner and Lord; (3) Chronological Pages, i.e., "Chrono-1" and "Chrono-2"
as prepared by Defendant McBrayer; and (4) grand jury minutes as those requested and
exculpatory records/documents were needed for Plaintiff's defenses, which were
willfully, wantonly, and recklessly witheld, thereby causing Plaintiff substantial
injury, harm, and prejudice to a fair trial by way of willfull, wanton, reckless, and
prejudicial conduct.

EIGHT CAUSE of ACTION

### Gross Negligence and Fraud

[36] That the Plaintiff realleges all of the allegations contained in paragraphs (1) through (21) above, as if fully set out herein.

[37] That on or about March of 1988 and continuing thereafter within the venue of Southern District of Florida, Defendants did knowingly and willfully appeared before the Fort Lauderdale Grand Jury without the required appointments and authorization from their superior officers at DOJ's Criminal Division in Washington, D.C. In so doing, Defenfants caused injury to Plaintiff, and said injury is continuing to injure him by and through substantial prejudice and harm to a lawful/legal indictment, and as such, the Defendants' modus operandi is consistent with gross negligence, fraud and deceit.

NINTH CAUSE of ACTION

### Abuse of Process

[38] That the Plaintiff realleges all of the allegations contained in paragraphs (1) through (21) above, as if fully incorporated herein.

[39] That during the relevant period of time to Plaintiff's indictment and continuing thereafter, the de facto acting United States Attorney for the Southern District of Florida, Dexter W. Lehtinen and SAUSAs Robert J. Lehner and James M. Lord did knowingly and willfully violated the Congressional intent under 28 U.S.C. § 546(b)(d) and § 515(a), § 542(a) and § 543(a) who in concert with each other commenced the investigation, indictment, arrest, and thereafter the prosecution of Plaintiff under pretext of the Federal law all the while not authorized to do so. As such, the said Defendants did knowingly and willfully abused the process or executed the law of the process all in violation of the due process, causing Plaintiff substantial prejudice and irreparable harm to the entire proceedings.

**TENTH CAUSE of ACTION**

**Intentional Dereliction of Duty**

[40] That the Plaintiff realleges all of the allegations contained in paragraphs (1) through (21) inclusive herein.

[41] That the Defendant(s) by and through its/their principal actors, one acting, _ultra vires_, namely officers of the Court, agent(s), contract employee(s), detectives, and others, directly or indirectly involved in Plaintiff's indictment No.: 89-6062-CR-Gonzalez, did knowingly and intentionally failed to carry out its/their duties to produce the requested exculpatory records/documents under _Fed.R.crim.P._, Rule 16(c) to Plaintiff, as enumerated hereinabove, causing Plaintiff fraudulent indictment, prejudice, and therefore consistent with intentional dereliction of duty by and through the principal _de facto_ actors or otherwise privateers as named by reference herein, and thus, Plaintiff has been injured, and that injury resulted in damages, and the damages demand a commercial price to pay.

## PRAYERS for RELIEF

(Paragraphs 1 through 41 herein are incorporated and realleged)

ACCORDINGLY, Plaintiff prays that this Honorable Court Order Defendants herein to answer this/his original Complaint in <u>Tort</u> and/or <u>Bivens</u>, and that this action be set for a trial at an early date, and that the Court grants judgment to Plaintiff, including but not limited as follows:

**A.** A preliminary and permanent injunction, restraining the Defendants, their agent(s) and/or representatives from retaliating against the Plaintiff; and

**B.** issuing an Order, dismissing Plaintiff's indictment with prejudice; and

**C.** ordering the Defendants herein to produce an unredacted copy of the DEA-6-Field Report, pertaining to Plaintiff; and

**D.** ordering the Defendants to produce the entire grand jury minutes subject to <u>United States v. Hogan</u>, <u>et al.</u>, Case No.: 89-6062-CR-Zloch/Gonzalez; and

**E.** ordering Defendants to pay actual damages to Plaintiff, stemming from the injuries named hereinabove in the amount of $ 100,000,000.00 United States dollars; and

**F.** ordering an award of compensatory damages in accordance with the findings of the jury, together with pre-judgment and post-judgment interests as allowed by law, recoverable jointly and severally from all of Defendants; and

**G.** ordering and/or awarding punitive damages in the full amount found by the jury against each of the individual Defendants; and

**H.** awarding Plaintiff the costs of litigating this/his action, including but not limited to reasonable attorney's fees and all reasonable and necessary expenses of this litigation, as provided by law, together with pre-judgment and post-judgment interests; and

**I.** that a special prosecutor be appointed, uncontaminated by any association with any of the judicial and/or prosecutorial officers in the Eleventh Judicial Circuit, to present Plaintiff's evidence to a grand jury; and

**J.** that in all counts herein, such other and further relief to which Plaintiff may show himself entitled to at or in law, or in equity, as this Honorable Court deems just and proper; and

**K.** that Plaintiff also reserves his right to amend this/his Complaint as need be.

REQUEST for a JURY

In the exercise of his rights under Seventh Amendment of the United States Constitution, the applicable statutes and rules of the Court, Plaintiff hereby respectfully requests that a jury decide all issues of fact(s) in his several claims for relief asserted herein.

Respectfully submitted,

*Michael Trupei*

Michael Trupei, pro se
R12743-004
FCC-Coleman Medium Security Prisons
P.O. Box 1032
Coleman, Florida 33521-1032

CERTIFICATE of SERVICE

I, HEREBY CERTIFY that this/my Complaint in Tort and/or Bivens has been on December 14 th , 200 6 hand delivered upon the institutional "RD" premises for the purposes to be forwarded via U.S. Mail, first class certified and return receipt requested, upon the following:

UNITED STATES DEPARTMENT of JUSTICE
United States Attorney General
Tenth Street and Constitutional Avenue, N.W.,
Washington, D.C. 20530

and

Canadian Consulate General
200 South Street Blvd.
Ste. 1600
Miami, Florida 33131

*Michael Trupei*

Michael Trupei, pro se

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746 of the United States Code I, Michael Trupei do hereby verify, or state under penalty of perjury that this/my Complaint in Tort and/or Bivens, is to the best of my knowledge, true, correct, and certain.

Done on this 11 th , day of December 200 6   By: *Michael Trupei*

Michael Trupei, pro se

**EXHIBIT–A**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-94 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See Instructions on reverse.)* *(Number, street, city, State and Zip Code)* |
|---|---|
| Director of Tort Civil Division United States Department of Justice Washington, D.C. 20530 | Michael Trupei pro se R12743-004 FCC-Coleman Medium Security P.O. Box 1032 Coleman, Florida 33521-1032 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | June 12, 1941 | Divorced | | |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying the persons and property involved, the place of occurrence and the cause thereof.) (Use additional pages if necessary.)* On April 4th, 1989, Claimant Michael Trupei ('Claimant") was indicted in the S.D. Florida on one (1) count of dry-conspiracy with no overt act committed under 21 U.S.C. § 846 in connection with United States v. Hogan, et al., 89-6062-CR-Gonzales. On December 16, 2003 in Trupei v. DOJ, EXEC. OFFICE, U.S., et al., 1:02-cv-0333 (RBW) wherein the District Court for this District held that: "[N]either the EOUSA nor the Criminal Division met the Plaintiff's expectations." Trupei at 7. Claimant's expectations, of course, was the "letter of authorization" to proceed before the grand jury that EOUSA nor Criminal Division failed to produce. In so doing, the Respondent committed fraud upon the Claimant.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT  *(Number, street, city, State, and Zip Code)*

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.  *(See instructions on reverse side.)*

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. Among other things, the United States, by and through its agents or otherwise SAUSA's committed gross fraud upon the Claimant, by failing to obtain the requisite "authorization" to proceed before the grand jury, thereby causing injury upon Claimant under 28 U.S.C. § 2671, et seq.

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS *(Number, street, city, State and Zip Code)* |
|---|---|
| Trupei v. DOJ, 1:02-cv-0333 (RBW) (D.C. 2003) | United States District Court for the District of Columbia 333 Constitution Ave. N.W., Washington, DC |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(in dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| N/A | Illegal/unlawful incarceration | | $ 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory  N/A | 14. DATE OF CLAIM 4/16/2005 |
|---|---|---|
| *(signature)* | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109
7-85)
NSN 7540-00-634-4046
STANDARD FORM 95 (Rev.

**07-0073**

**EXHIBIT–A**

FILED

JAN 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**U.S. Department of Justice**

*Civil Division, Torts Branch*
*Federal Tort Claims Act Staff*

_____

*Washington, D.C.  20044*

PJP:MJTouhey:tlg
157-16-

January 17, 2006

Mr. Michael Trupei
#R12743-004
FCC-Coleman Medium Security
P.O. Box 1032
Coleman, FL  33521

     Re:  <u>Administrative Tort Claim of Michael Trupei</u>

Dear Mr. Trupei:

     This is in response to the administrative tort claim dated  December 16, 2005, which you presented to the U.S. Department of Justice.  The Department of Justice received your claim on December 27, 2005.

     Pursuant to 28 C.F.R. § 14.2(b)(1), a claim must be presented to the federal agency whose activities gave rise to the claim.  In this case, the appropriate agency for evaluating the merits of your claim is the Executive Office for United States Attorneys.  Accordingly, I am forwarding your claim to that agency.

     Please direct all further communication regarding your claim to the Executive Office for United States Attorneys at the address listed below.

                          Very truly yours,

                          *Mary J. Touhey*

                          MARY J. TOUHEY
                          Trial Attorney
                          Torts Branch, Civil Division

**EXHIBIT=A**

**EXHIBIT-B**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Oct 12  10 07 AM '88

IN THE MATTER          )
                       )
     OF                )      ORDER OF APPOINTMENT
                       )
DEXTER W. LEHTINEN     )

    It appearing to the Court that on June 17, 1988, Attorney General Edwin Meese III, pursuant to Title 28, United States Code, Section 546(a), appointed Dexter W. Lehtinen to the Office of United States Attorney for the Southern District of Florida, and that said appointment expires on October 15, 1988.

    NOW, THEREFORE, IT IS ORDERED, pursuant to Title 28, United States Code, Section 546(d), that Dexter W. Lehtinen be and he is hereby appointed as United States Attorney for the Southern District of Florida, to be effective on the expiration of his present appointment and ending upon the appointment and qualification of a successor to that office as in such cases made and provided by law.

    DONE AND ORDERED at ~~Miami, Florida~~ Savannah, Georgia this the 13th day of October, 1988.

CHIEF UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

07 0073
**EXHIBIT-B**

FILED
JAN 12 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT-C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL TRUPEI,                    )
                                   )
                   Plaintiff,)
                                   )
         v.                        )        Civ.  Action  No.  01-827(JR)
                                   )
U.S. DEPARTMENT OF JUSTICE,        )
                                   )
                                   )
                   Defendants.)

─────────────────────────────

DECLARATION OF JOHN F. BOSEKER

I, JOHN F. BOSEKER, declare the following to be a true and correct

statement of facts:

1)    I am an Attorney Advisor with the Executive Office for United

States Attorneys ("EOUSA"), United States Department of Justice.  In

that capacity, my responsibilities include: acting as liason with other

divisions and offices of the Department of Justice ("DOJ") in

responding to requests and the litigation filed under both the Freedom

of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act

of 1974, 5 U.S.C. §552a (1988); the review of FOIA/PA requests for

access to records located in this office and 94 United States

Attorney's offices ("USAO's") and the case files arising therefrom; the

review of correspondence related to requests; the review of searches

conducted in response to requests; the location of responsive records;

and preparation of responses thereto by the EOUSA to assure that

determinations to withhold (or to release) such responsive records are

07  0073

EXHIBIT-C


GOVERNMENT
EXHIBIT
01-827 (JR)

in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice Regulations (28 C.F.R. §§16.3 et. seq. and §16.40 et. seq.).

2)    As an Attorney Advisor in the FOIA/PA Unit, EOUSA, I have authority to release and/or withhold records requested under the FOIA/PA, and to advocate the position of the EOUSA in actions brought under these Acts. The statements I make hereinafter, are made on the basis of my review of the official files and records of EOUSA, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3)    Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA requests made to EOUSA by the above-captioned Plaintiff, Michael Trupei (hereinafter referred to as "Trupei").

CHRONOLOGY

4)    On September 28, 1998, EOUSA received a FOIA/PA request letter dated September 19, 1998. Mr. Trupei requested specific items, including: a letter of appointment and oath of office for James M. Lord and Robert J. Lehner, in connection with his 1989 criminal prosecution in the U.S. District Court for the Southern District of Florida. (Exhibit A attached hereto.)

5)    By letter of October 27, 1998, Mr. Trupei was notified that his letter of September 19, 1998, had been received by EOUSA, assigned FOIA/PA number 98-2651, and that his request for oaths of

office were being assessed a fee of $28.00 per search.  Mr. Trupei was
also advised that he was required to pay an advance fee of $56.00
before EOUSA would begin its search.  (Exhibit B attached hereto.)

6)    On January 11, 1999, EOUSA received a letter dated January
5, 1999, in which Mr. Trupei responded to EOUSA's October 27, 1998
letter.  Mr. Trupei requested a fee waiver based upon his indigency.
(Exhibit C attached hereto.)

7)    By letter of January 29, 1999, EOUSA notified Mr. Trupei
that his request for a fee waiver was denied.  EOUSA advised Mr. Trupei
of the reasons for the denial, referenced the October 27, 1998 letter,
and gave notice of his appeal rights respecting the denial. (Exhibit D
attached hereto.)

8)    By letter dated February 27, 1999, Mr. Trupei filed an appeal
with the Office of Information and Privacy (OIP) of the EOUSA denial of
requested fee waiver. (Exhibit E attached hereto.)

9)    By letter dated July 17, 2000, OIP notified Mr. Trupei that
it was supporting the EOUSA denial of his request for a fee waiver.  At
the same time, OIP advised Mr. Trupei that his request was being
remanded back to EOUSA for purposes of performing a search up to two
hours and/or providing 100 pages of records free. (Exhibit F attached
hereto.)

10)   EOUSA administratively opened two files, 00-2814 and 00-2815 reflecting searches performed for responsive records on Mr. Lehner and Mr. Lord respectively.  These searches were still pending at the time the above-captioned action was commenced.

11)   By letters dated June 5, 2001, EOUSA advised Mr. Trupei that it was providing him with a full release of records located responsive to his request.   EOUSA provided Mr. Trupei with the Appointment Affidavits/Oaths of Office (2 pages) for Mr. Lehner, and an Appointment Affidavit/Oath of Office (1 page) for Mr. Lord.  EOUSA provided all documents located and forwarded by the USAO/SDFL to Mr. Trupei. (Exhibit G attached hereto.)

12)   On July 9, 2001, EOUSA received Mr. Trupei's "Opposition to Defendant's Motion to Dismiss and Request for Production of the Withheld Documents."  Mr. Trupei therein averred that EOUSA had not fully disclosed all records requested by him.  He specifically referenced "Letters of the Special Appointments" respecting his prosecutors, Lehner and Lord, in 1989.  On this same date, EOUSA again contacted the USAO and asked that another search be performed.

13)   The Personnel Office for the USAO/SDFL advised EOUSA that no copies of appointment letters were located in the AUSA's Official Personnel Folder.

14)   The only locations other than the AUSA's Official Personnel Folders where the requested letters of appointment might reasonably be expected to be located are the files of the EOUSA Legal Counsel and

Personnel Office.  Accordingly, EOUSA also asked Legal Counsel and Personnel to conduct a search for the letters of appointment.

15)  EOUSA Legal Counsel advised that it was unable to locate any such letters.

16)  EOUSA Personnel advised that it was unable to locate any such letters and that such records are not retained prior to 1998.

Executed on _July 13_ , 2001.

JOHN F. BOSEKER

Attorney Advisor,
EOUSA, FOIA/PA Unit

**EXHIBIT-D**

Trupei v. DOJ. et al., Civil Action No.: 02-0333 (RBW)

provided. Two searches of the office's case files pertaining to plaintiff's criminal case yielded

neither a letter of authorization nor a prosecutive memo. When it was suggested that responsive

records might be located in the DOJ's Criminal Division, the EOUSA referred plaintiff's request

there. The Criminal Division located one responsive record, and released it to plaintiff in its

entirety. The declarations therefore demonstrate that defendants "conducted a search reasonably

calculated to uncover all relevant documents." *Weisberg*, 705 F.2d at 1351.

    Although neither the EOUSA's nor the Criminal Division's search met plaintiff's

expectations, the Court concludes that both were "reasonably calculated to uncover all relevant

documents.'" *Steinberg*, 23 F.3d at 552. An agency is not required to "establish beyond doubt

that it does not possess a document, but instead [the agency] need only demonstrate that its

search was reasonably adequate." *Roberts v. United States Dep't of Justice*, No. 92-1707, 1995

WL 356320 at *1 (D.D.C. Jan. 29, 1993). "Nothing in the law requires the agency to document

the fate of documents it cannot find." *Id.* at *2.

### III. Conclusion

    The Court concludes that defendants conducted adequate searches for records responsive

to plaintiff's FOIA request, and that the Criminal Division released in its entirety the only

responsive record that was located. Accordingly, the Court will grant defendants' renewed

motion for summary judgment.[5]


DATE:  December 15, 2003               /s/
                                   REGGIE B. WALTON
                                   United States District Judge

07 0073
FILED

---

[5]    An Order consistent with this Memorandum Opinion will be issued separately.

7

JAN 12 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT-D**